(Decided June 20th, 1895.)

---

## LOUISA WALLACE *vz.* HERMAN SCHAUB, Administrator of HENRY TROEMNER.

*Contract Implied from Acceptance of Services—Evidence of Value of Services—Plea of Limitations.*

A. boarded with the plaintiff for a number of years, paying a certain sum for board and lodging. For some years before his death he was frequently ill, and was constantly nursed by plaintiff, and for these services A. promised to pay, but no price was fixed. In an action against his administrator to recover for the same, *Held*, that there was evidence sufficient in law to establish a contract to pay for such services, there being no relationship between the parties.

In the above action, the evidence of a trained nurse, acquainted with the value of the services of nurses, trained and untrained, is admissible to show the value of the services rendered by the plaintiff.

In an action against an administraitor on a contract made by his intestate, a plea that "the alleged cause of action did not accrue within three years of the decedent's death," is a sufficient compliance with the language of the statute.

Appeal from the Baltimore City Court (WRIGHT, J.) The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*T. R. Clendinen* and *Charles S. Watts* (with whom was *Wm. C. Smith* on the brief,) for the appellant.

If the services were rendered by the appellant gratuitously, she is not entitled to recover; but the burden of proving this fact is upon the appellee. As between strangers, living together as a family, contracts for compensation will be implied unless the contrary is shown, either expressly or impliedly, from the affirmative circumstances expressly shown to exist in the case. *Thornton* v. *Grange*, 66 Barb., 507; *Phillips* v. *Jones*, 1 A. & E., 333; *Jacobson* v. *Executor of Le Grange*, 3 Johnson, 199. The only questions to be decided are whether these services were rendered gratuitously or under a mutual understanding, expectation or design that compensation was to be paid, and as these questions are matters of fact and not of law, the lower Court was clearly wrong in withholding the case from the consideration of the jury. *Phillips* v. *Jones*, 1 A. & E. 333.

The consideration of the second part of the prayer, viz: that there is no evidence legally sufficient to establish the pecuniary value of the services is, more or less, closely involved in the argument upon the question giving rise to to the third bill of exception, that is to say, of the admissibility of the evidence of Catherine Beecroft, the witness produced on behalf of the plaintiff to establish the value of the services rendered Henry Troemner. She was shown to have been a lady of undoubted experience, both as a trained, and what is called an "experienced nurse," that is, say, "a mother, or any one who has had anything to do with sick people, it does not matter whether she goes out for compensation or not," and one who was acquainted with the subject as to which she was called upon to testify. Such evidence was the very best evidence that could be produced to enable the jury to arrive at an estimate of the services of the appellant. Evidence of this character, on

the supposition that credit is to be attached to the witness, is a better guide to truth and justice than the opinions of those whose occupation or experience do not give them practical knowledge as to the matters and facts as to which they are called upon to testify. *Hatton* v. *Weems*, 12 G. & J. 111. Opinions of questions of value, by persons who are acquainted with the subject as to which they testify, are always received. *Kendall* v. *May*, 10 Allen (Mass.) 59; *Eldridge* v. *Smith*, 13 Allen (Mass.) 140.

*L. P. Hennighausen* and *Emil Budnitz*, for the appellee.

The testimony is that the appellee's intestate paid for his board and lodging at the rate of $18 per month, regularly, except the last month of his life; so the first item is no part of this action, and only the claim of $1,200 for care and attention while sick, and $375 for bed clothing and care of the same, and the sufficiency of the testimony offered in support of the same are under consideration. We call attention to the long period of time—over twelve years, that these services are alleged to have been rendered; that his most protracted sickness occurred twelve years before his death; that the appellant and intestate had frequent settlements of money matters; that he paid for his board and lodging regularly, and during that entire period no demand was ever made by the appellant for the money sued for, although she was totally without means and depending upon her daughter for support. That if there was a real debt of $1,592.50 the appellant would be entitled to interest, and the intestate liable to pay it, and he would have settled the claim during the long period of time. That the usual care and attention given to a permanent boarder, of many years, during temporary sickness, are incidents of human life and not expected to be paid for extra, unless there is an understanding to that effect, and mere expression of gratitude and acknowledgment of kindness raise no presumption of a contract to pay extra for the same. In order to justify a claim for services rendered a decedent, there must have been a

design, at the time of rendition, to charge, and an expecta-
tion on the part of the recipient to pay, for the services.
*Bantz* v. *Bantz*, 52 Md. 686, 693.

PAGE, J., delivered the opinion of the Court.

This action was brought by Louisa Wallace to recover
for certain services alleged to have been rendered by her to
the defendant's decedent.   The *narr.* contains eight counts ;
the first six are the usual money counts ; the seventh and
eighth set up special services rendered by the plaintiff to
the deceased at his request.   The defendant pleaded the
general issue pleas, and (third) "that the alleged cause of
action did not accrue within three years of the decedent's
death."   The plaintiff moved to strike out the third plea,
and the refusal of the Court to grant the motion constitutes
the first exception.   The plea of limitations is not a plea to
the merits, and being so regarded must be received with
strictness ; *Nelson* v. *Bond*, 1 Gill, 221 ; yet it need not be
set out in the words of the statute ; a plain statement of such
facts as may be necessary to form the defence being all that
is required.   *Code*, Art. 75, sec. 3 ; *Gott* v. *State*, 44 Md.
336.   The record shows that the suit was brought against
the administrator of Henry Troemner, the decedent.   The
plea is that the alleged cause of action did not accrue within
three years of the decedent's death ; and if that was so, it
must have accrued more than three years before the bring-
ing of the suit.

Having offered evidence tending to prove the services of
the plaintiff, a witness was introduced who testified that she
was a trained nurse and was acquainted with the value of
services of nurses, trained and untrained.   The counsel for
the plaintiff proceeded to interrogate her as to the value of
such services as the plaintiff had rendered, but the questions
and the witness's answers were objected to, and the action
of the Court in sustaining the objections are the second
and third exceptions of the plaintiff.   When the compen-
sation to be paid for services rendered is not fixed, it is

proper to receive evidence as to the price usually charged and received for similar services by other persons. The witness had testified she was familiar with what is paid for the services of an untrained nurse. She does not, it is true, locate in terms the place to which her knowledge applies, but she does state that she received her training in Baltimore, where the alleged services were rendered. Under these circumstances we think her evidence was admissible and there was error in rejecting it. *Stanton v. Embrey*, 93 U. S. 548; *Reynolds v. Robertson*, 64 N. Y. 589; 1 *Wharton on Ev.*, sec. 446.

The fourth exception is to the instruction granted upon the conclusion of the plaintiff's evidence to the effect that there was no evidence to establish a contract, express or implied, between the plaintiff and the decedent, and also no evidence legally sufficient to establish the pecuniary value of said services. This instruction raises the question whether there was any evidence from which the jury could legally find there was a contract, express or implied, between the parties. In *Bantz, Extr., v. Bantz*, 52 Md. 693, it was held that, "in order to justify a claim for services being allowed against a decedent, there must have been a design at the time of the rendition to charge, and an expectation on the part of the recipient to pay for the services. These services must have been of such a character, and rendered under such circumstances as to fairly imply an understanding of payment, and a promise to pay. There must have been an express or implied understanding between the parties that a charge for the services was to be made, and to be met by payment." But it was also said in *Bixler v. Sellman et al*, 77 Md. 496, "the rule as here laid down applies only when a claim of this character is made by a *member of the family of the decendent*, for of course it must be conceded that generally the law implies a promise to pay for services rendered and accepted." As between persons not members of the same family, the "mere fact of rendering services useful to the defendant would furnish *prima facie*

evidence of their acceptance, and in the absence of some proof to the contrary, would raise an obligation to pay him what they were worth, there being no proof of special value." *Spencer* v. *Trafford*, 42 Md. 20.

It is abundantly supported by authority, that " if a party voluntarily accepts and avails himself of valuable services rendered for his benefit, when he has the option whether to accept or reject them, even if there is no distinct proof that they were rendered by his authority or request, a promise to pay for them may be inferred. His knowledge that they were valuable, and his exercise of the option to avail himself of them, justify this inference." *Day* v. *Caton*, 119 Mass. 513.

In this case, though the decedent had boarded with the plaintiff for many years, he was not a member of her family, in the sense in which the terms are used in these decisions. There was no relationship either by blood or affinity between them. He was within her house by virtue of a contract, by which he was to pay her $4.50 a week for board and lodging. Under this contract she was not bound to perform for him the services of a nurse ; and if she rendered such services, the mere fact of rendering them raises an obligation upon him and his legal representatives, to pay for them, unless there is proof to the contrary sufficient to rebut the *prima facie* case thus made. Now, there was evidence before the jury that " he was always a sick man, off and on ;" that " two years previous to his death he was sick enough to be attended by a physician," and that Mrs. Wallace cared for him and did " for him whatever a nurse would have to do for him." There was also evidence tending to prove that Troemner recognized the services of the plaintiff, and frequently said he would pay her for them. We do not deem it necessary, for the purpose of passing upon this exception, to determine whether any recovery can be had for services rendered by her during the lifetime of her husband. Mr. Wallace died in October, 1890, and there was evidence tending to prove that the plaintiff after that date rendered services as a nurse to the decedent.

We are of opinion, therefore, that the case ought to have been submitted to the jury.

*Judgment reversed, and new trial awarded.*

(Decided June 19th, 1895.)