JAMES F. DOYLE, Administrator of the Estate of John Conway, Deceased, *vs.* MARY GIBSON.

*Services: promise to pay implied from acceptance; value; evidence of nurse as expert. Prayers taking case from jury: waiver of appeal from Court's refusal; several prayers differing only in phraseology; refusal not reversible error.*

Where no family relation exists between the parties, there is implied a promise to pay for services rendered and accepted; and the burden of proof is on the party resisting payment to show that no charge was to be made, if the rendition and acceptance of the services are proved.               p. 38

If at the close of the plaintiff's case the defendant upon the refusal of his prayer directing the jury that the plaintiff is not entitled to recover, proceeds with his case, and adduces evidence in support of it, he thereby waives his right to rely, on appeal, on such refusal as ground for a reversal.  p. 39

To prove the value of personal service and nursing, given to one in his latter years and last illness, the witness need not be what is usually known as a trained nurse.       p. 39

The tendency of two or more prayers upon the same subject, in different phraseology, is to mislead or confuse the jury; and where a correct prayer has been granted upon a question, that correctly states the law upon the subject, it is not error to refuse other prayers, though correct in themselves, embracing the same subject.                p. 40

*Decided November 20th, 1912.*

Appeal from the Court of Common Pleas of Baltimore City (Duffy, J.).

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Pearce, Thomas, Pattison and Stockbridge, JJ.

*John T. Morris* (with whom was *John T. Morris, Jr.,* on the brief), for the appellant.

*Myer Rosenbush,* for the appellee.

Stockbridge, J., delivered the opinion of the Court.

The record in this case presents twenty-nine bills of exception, and covers 164 pages, but the case is, nevertheless, a comparatively simple one, so that it will not be necessary to consider in detail each of the bills of exceptions, nor *seriatim* all of the rulings of the Court upon questions of admissibility of evidence or action upon the prayers.

The case arises in this manner: John Conway, a veteran of the Civil War, was an inmate of the Soldiers' Home at Hampton, Virginia. He made periodical visits to Baltimore during the time that he was there, and that he might have a definite location in that city, kept a room, for which he paid a trifling sum, at the home of Mrs. Mary Gibson, the original plaintiff in this case. In July, 1908, Conway was discharged from the Soldiers' Home, and upon that discharge went to Baltimore, and thereafter, until the twentieth of April, 1911, the date of his death, occupied a room at Mrs. Gibson's, the rental of which had been increased from the former price of $2 a month to $3. After his death, Mrs. Gibson presented an account against his estate for nursing from July, 1908, to the time of his death, amounting to $888, and for board from April 6th, 1911, to April 20th, 1911, during which he was confined to his room, of $10— and for bedding and matting which had become unfit for further use by reason of his occupancy of the room, of

$18.20. Payment thereof was refused by the administrator, and this suit was instituted.

While there was some conflict in the evidence, testimony was given tending to show that during the entire period from 1908 to 1911, Conway was in the habit of indulging in periodical sprees, at which time he required care and nursing, and also during the periods immediately following these sprees, when he was recovering from the effects of them.

Whatever may be the rule of law outside of Maryland, the decisions in this State have firmly established our own policy. In *Gill* v. *Staylor,* 93 Md. 453, it was said, "If the plaintiff was not a member of the decedent's family then the rendering of the services is *prima facie* evidence of their acceptance and of an obligation to pay what they were worth, if there be no evidence of an express contract to pay a definite sum." And in *Wallace* v. *Schaub,* 81 Md. 594, "As between persons not members of the same family, the mere fact of rendering services useful to the defendant would furnish *prima facie* evidence of their acceptance, and in the absence of some proof to the contrary, would raise an obligation to pay what they were worth," citing *Spencer* v. *Trafford,* 42 Md. 20. In *Harper* v. *Davis,* 115 Md. 353, this Court said: "When no family relation exists between the parties the law implies a promise to pay for services rendered and accepted, and the burden is on the party resisting payment to show that no charge was to be made, if the rendition and acceptance of the services are proven." See also, *Bixler* v. *Sellman,* 77 Md. 496. In *Bouic* v. *Maught,* 76 Md. 440; ALVEY, C. J., declared the law as already set forth. That was a suit for services rendered to a deceased in nursing; the evidence showed that the deceased had boarded with the mother of the claimant, but in deciding the case JUDGE ALVEY makes it very plain that a contract for board does not necessarily include services which may be rendered in the way of nursing.

There is a well recognized exception to the implied assumpsit which the law raises from the rendition and acceptance of service, and that is in cases where the individual rendering the services was a member of the family of the deceased; but in this case there can be no claim of such a relation between the parties, so as to bring it within the operation of the exception. The law being as thus recited, and evidence having been given of services rendered and accepted, the trial Court was clearly right in its rejection of the prayer offered by the defendant at the close of the plaintiff's evidence, and even if it were not, by proceeding with his case after the refusal of that prayer, as has been repeatedly decided by this Court, the defendant waived all right to rely upon it on appeal. *Barabasz* v. *Kabat,* 91 Md. 53.

The first exception on evidence was as to permitting Mrs. M. C. McKnew to testify as to the value of the services. Mrs. McKnew gave evidence that she had been acting as an untrained nurse, going out nursing for fifteen years; that she had heard the evidence as to the services performed by Mrs. Gibson, and was then asked to place an estimate upon the value of the services rendered by Mrs. Gibson. In the case of *Wallace* v. *Schaub,* 81 Md. 594, evidence was offered by a trained nurse as to the value of services rendered by a trained or untrained nurse, and the admission of the evidence was approved. While it is true that Mrs. McKnew was not what is technically known as a "trained nurse," the line of reasoning upon which the evidence was admitted in the case of *Wallace* v. *Schaub, supra,* applied with equal force to the present case. Mrs. McKnew for a number of years had been performing duties and receiving compensation as an untrained nurse; she was therefore competent to say what was the market rate or value of services of that character when rendered by an untrained nurse, such as Mrs. Gibson admittedly was.

With regard to the prayers of the defendant which were rejected or modified, it may be said generally that a number

of the prayers were in legal effect identical, varying only slightly in phraseology, and one having been granted upon a subject, the refusal of the other prayers was correct, as the inevitable tendency of two prayers upon the same subject in different phraseology would have been to confuse or mislead the jury.

As to others of the prayers, the record discloses no evidence upon which they could be predicated, and their rejection was therefore proper; while with the exceptions which deal with evidence, the large proportion of them were exceptions reserved to the admission or exclusion of evidence wholly immaterial to any issue raised by the pleadings of the case.

Upon a review of the entire record, we discover no prejudicial error, and being of the opinion that the prayers as granted fully and fairly placed the case before the jury, the judgment will be affirmed.

*Judgment affirmed, appellant to pay the costs.*