# ABRAHAM H. LEVINE

*vs.*

# J. HOWARD CHAMBERS.

*Contract to Buy Stock—Evidence—Letters—Damages for Breach—Agency—Questions for Jury.*

On an issue as to an alleged agreement by which defendant was to purchase certain corporate stock, *held* that letters written by the attorneys of the respective parties were admissible to show the terms thereof.      p. 341

On an issue as to whether defendant agreed to purchase certain corporate stock from plaintiff at a named price, *held* that the evidence that he did so agree was sufficient to go to the jury.      p. 341

Where three prayers were practically and in effect the same, it was proper to refuse two thereof while granting the third.
     p. 342

For breach of a contract to give one's promissory note for a named sum in payment for certain corporate stock, the measure of damages was the difference between the sum for which the note was to be given and the value of the stock at the time of the repudiation of the agreement.      pp. 342, 343

If the testimony as to the fact of agency tends to prove the existence of that relation, it should be submitted to the jury, who are the exclusive judges of its weight.      p. 343

Evidence as to one's ratification of an agreement of settlement set out in a letter written by his attorney, *held* sufficient to go to the jury.      p. 343

*Decided June 22nd, 1922.*

Appeal from the Superior Court of Baltimore City (AMBLER, J.).

### Prayers.

Action by J. Howard Chambers, trading as H. Chambers and Company, against Abraham H. Levine. From a judgment for plaintiff, defendant appeals. Reversed.

The following prayers of the defendant were granted:

*Seventh Prayer.*—The court instructs the jury, that before they can find the existence of a contract for the purchase of the stock of the Windsor Hotel Company by the defendant from the plaintiff, they must find that there was a meeting of the minds of the plaintiff and the defendant in reference to the purchase of said stock, that is to say, that there was a definite proposal by one of the parties and that said proposal was definitely accepted by the other of the parties and unless the jury shall find that there was such a meeting of the minds of the plaintiff and defendant in reference to the purchase of said stock by the defendant, then the verdict of the jury must be in favor of the defendant.

*Eighth Prayer.*—The court instructs the jury, that in order to find the existence of a contract for the purchase of the stock of the Windsor Hotel Company by the defendant from the plaintiff, they must not only find that the plaintiff made a definite proposal for the sale of said stock, but must also find from the evidence that the defendant definitely accepted the terms of said proposal; and if the jury shall find from the evidence that the defendant did not definitely accept the proposal of the palintiff, but stated to the plaintiff, that if he made up his mind to purchase said stock, he would let the plaintiff know, and that the defendant did not thereafter communicate to the plaintiff an acceptance of said proposal of the plaintiff to sell said stock to the defendant, then the jury are not at liberty to find from the evidence any contract for the purchase of said stock by the defendant, and therefore the verdict of the jury must be for the defendant.

*Ninth Prayer.*—The court instructs the jury that a verbal contract for the sale of stock of a corporation is not enforceable unless the buyer accepts said stock, or part thereof, and

actually receives the same, or gives something in earnest to bind the contract or in part payment, or some note or memorandum in writing of the contract or sale be signed by the purchaser, or his agent in that behalf, and if the jury shall find in this case that the defendant did not accept the said stock of the Windsor Hotel Company, or any part thereof, and did not actually receive the same, or give something in earnest to bind the contract or in part payment, and no note or memorandum in writing evidencing all the material terms of the contract or sale was signed by the defendant or his agent in that behalf, then the verdict of the jury must be in favor of the defendant.

*Eleventh Prayer.*—The court instructs the jury that the burden of proof is upon the plaintiff to establish to the satisfaction of the jury by preponderating evidence that the defendant agreed to purchase from the plaintiff the stock of the Windsor Hotel Company, mentioned in evidence, and that a note or memorandum in writing evidencing all the material terms of said alleged contract was signed by the plaintiff or by his agent duly authorized in that behalf, and unless the jury shall find to their satisfaction that the defendant did agree to purchase said stock from the plaintiff and that a note or memorandum in writing evidencing all the material terms of said alleged contract was signed by the defendant or by his agent duly authorized in that behalf, the verdict of the jury must be for the defendant.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Randolph Barton, Jr.,* and *Malcolm H. Lauchheimer,* for the appellant.

*Edward M. Hammond,* with whom were *Karr, Hammond & Darnall* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This suit was originally instituted in the Baltimore City Court, on the 9th day of May, 1919, but was subsequently removed to the Superior Court of Baltimore City and, after trial in the last named court, resulted in a verdict for the plaintiff for the sum of $1,784.00. From a judgment on this verdict, the defendant has taken this appeal.

The record contains seven exceptions. One of these relates to the rulings of the court on the prayers, and six to the rulings on the evidence. The plaintiff offered one prayer, which was granted. The defendant presented sixteen prayers, and of these the fifth, seventh, eighth, ninth and eleventh were granted and the first, second, third, fourth, sixth, tenth, twelfth and thirteenth were refused.

The appellant states in his brief that all of the exceptions are based upon the same propositions of law, and except as bearing thereon, the six exceptions as to the evidence are not pressed.

The suit was brought to recover the sum of fifteen hundred dollars, the alleged purchase price of three thousand dollars par value of the stock of the New Windsor Hotel Company, under the circumstances which will be hereafter more fully stated.

The declaration contains seven counts. The seventh amended count sets out the cause of action and is as follows:

"And for that the Windsor Hotel Company, of which the defendant, Abraham H. Levine, was treasurer, was indebted unto the plaintiff, and that on or about May 28th, 1918, the defendant personally agreed with the plaintiff to liquidate the balance of the plaintiff's account against the said Windsor Hotel Company in the following manner: That there should be paid to him, the plaintiff, $1,000.00 in cash, and there should be delivered to him six promissory notes of the said Windsor Hotel Company, three of them to be endorsed by the defendant and three by one A. J. Fink; and that the defendant was to purchase indi-

vidually the stock of the Windsor Hotel Company amounting to $3,000.00 par value, which was to be issued in the name of the plaintiff by the said Windsor Hotel Company (as part payment of his account against the said hotel company) for the sum of $1,500.00, said $1,500.00 to be evidenced by an individual promissory note of the defendant for ninety days, with the privilege to the defendant to renew the same every ninety days upon the curtailment of not less than 15%, said note to be delivered by the defendant to the plaintiff at the time the said six notes of the said Windsor Hotel Company should be taken up and paid; that the said defendant did pay his part of the $1,000.00 theretofore promised to be paid to the plaintiff, and did deliver to the plaintiff said six promissory notes of the Windsor Hotel Company, three of which were endorsed by the defendant and three by A. J. Fink, as a part performance of his contract, but has failed and neglected to deliver to the plaintiff his promissory note for $1,500.00 for the said $3,000.00 par value of the stock of the said Windsor Hotel Company, as the defendant agreed to do, although the plaintiff has often requested the defendant to complete the performance of his agreement."

The facts of the case, as disclosed by the record, appear to be as follows:

The plaintiff is in the decorating and painting business and, some time in the year 1918, entered into an agreement for the painting and decoration of Mount Holly Inn, a hotel located in the suburbs of Baltimore City.

The defendant is engaged in the clothing business in Baltimore City, and was the treasurer of the Windsor Hotel Company, the owner of Mount Holly Inn, and a stockholder in that company.

It appears that, at the time of the completion of the work on the hotel, the Windsor Hotel Company was indebted to the plaintiff in the sum of $8,000, and under the terms of a final agreement of settlement, as stated in the amended decla-

ration, the defendant was to purchase the stock of the Windsor Hotel Company to the amount of $3,000 par value, as part payment of his account against the hotel company, for the sum of $1,500, and to deliver to the plaintiff his promissory note for this sum, for the stock, as part performance of his contract. And this suit is brought on that part of the alleged agreement of the defendant to purchase the stock, and to give his note for the purchase price, as will appear from the plaintiff's bill of particulars, filed to the first six counts of the declaration and as set out in the seventh amended count of the declaration.

The first, second, third and fourth exceptions present the rulings of the court, on objection by the defendant to the admissibility of certain letters written by Messrs. Karr and Mullikin containing and setting forth the terms of the contract. This evidence was admissible, under the rulings of this Court in *Nelson* v. *Willey,* 97 Md. 373, and *Goodman* v. *Saperstein,* 115 Md. 683, as tending to show the terms of the settlement and the true agreement between the parties.

There was no reversible error in the ruling of the court in the fifth and sixth exceptions. The question and answer in the fifth exception were proper, and what was said in regard to the ruling in the third exception applies equally to the sixth.

This brings us to an examination of the prayers. The defendant's first, second, third, fourth and sixth prayers were in the nature of a demurrer to the evidence and were designed to withdraw the case from the jury. They were properly refused, under the evidence disclosed by the record, because the case was clearly one for the consideration of the jury.

The defendant's tenth, eleventh and twelfth prayers are practically and in effect the same. The court granted the eleventh prayer, which instructed the jury that the burden of proof was upon the plaintiff to establish to the satisfaction of the jury by preponderating evidence that the defendant agreed to purchase from the plaintiff the stock of the Windsor Hotel

Company, mentioned in evidence, and that a note or memorandum in writing evidencing all the material terms of said alleged contract was signed by the plaintiff or by his agent duly authorized in that behalf, and unless the jury shall find to their satisfaction that the defendant did agree to purchase said stock from the plaintiff, and that a note or memorandum in writing, evidencing all the material terms of said alleged contract, was signed by the defendant or by his agent duly authorized in that behalf, the verdict of the jury must be for the defendant.

The ruling of the court, therefore, in the refusal of the tenth and twelfth prayers, was proper, because granting several prayers to the same effect, and covering the same subject, would have a tendency to confuse and mislead the jury.

There was no error in the refusal of the defendant's thirteenth prayer. It was not only misleading, but there was no evidence to support it.

The defendant's theory of the law, we think, was fairly and properly submitted to the jury in the defendant's seventh, eighth, ninth and eleventh prayers, which were granted by the court. The reporter will set out these granted prayers, in his report of the case.

The plaintiff's damage prayer, however, was clearly erroneous and should not have been granted. This prayer instructed the jury, "that if they find for the plaintiff, then in estimating the damages, they are to allow the plaintiff the sum for which they may find the defendant agreed to execute his promissory note mentioned in the evidence for the plaintiff's stock mentioned in the evidence, if the jury so find, with interest in the discretion of the jury from such date as they may find said note was to mature, if they so find."

The true measure of damages, in cases of this kind, would be the difference between the sum of $1,500, which the defendant agreed to pay for the stock, and the value of the stock, at the time the defendant repudiated the alleged agree-

ment.  The prayer, it will be seen, instructed the jury that, in estimating the damages, they were to allow the plaintiff the full sum which the defendant agreed to pay for the stock, with interest in the discretion of the jury.  There was evidence that the defendant was able to dispose of his stock before the company went into the hands of a receiver, and it must have had some value at the time of the alleged repudiation of the agreement by the defendant.

It is not necessary for us to repeat at length, what we have so often said, that it is not for the court to determine the question of agency *vel non,* but if the testimony as to the fact of the agency tends to prove the existence of that relation, it should be submitted to the jury, who are the exclusive judges of its weight.  *Swindell* v. *Gilbert,* 100 Md. 399; *Nat. Mechanics Bank* v. *Bank of Balto.,* 36 Md. 20.

The question of the authority or agency of Mr. Mullikin to bind the defendant, under the facts of this case, was a matter for the jury to determine, and the court was clearly right in submitting this question to the jury.

The testimony, we think, was also sufficient to go to the jury, on the contention that the defendant ratified the terms of the settlement set out in the letter written by Mullikin, dated the 28th of May, 1918.  *Maddux* v. *Bevan,* 39 Md. 485; *Hartlove* v. *Fait Co.,* 89 Md. 254; 27 *C. J.* 298; 29 *A. & E. Ency. of Law* (2nd Ed.), 863.

For the error indicated, in the granting of the plaintiff's first prayer, on the measure of damages, the judgment must be reversed, and a new trial will be awarded.

> *Judgment reversed, and a new trial awarded,
> with costs to the appellant.*