144 N.J. Super. 355 (1976)
365 A.2d 718
ROSALIE NAUMENKO, PLAINTIFF-APPELLANT,
v.
ROBERT J. BURRELL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1976.
Decided October 26, 1976.
*356 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Lino A. DeAlmeida, Jr. argued the cause for appellant (Messrs. Seaman, Clark, Levine, Addy & DeAlmeida, attorneys).
Mr. Michael John Stone argued the cause for respondent (Messrs. Longo & Stone, attorneys).
PER CURIAM.
Plaintiff Rosalie Naumenko appeals from a judgment of no cause for action rendered against her following a trial to a jury.
The trial was comparatively brief, since it was only on the liability issue. Plaintiff was a passenger in her husband's automobile when it was at a standing position, fourth in line waiting for a traffic signal to change. While in this position defendant struck the Naumenko vehicle from the rear, allegedly inflicting personal injuries for which plaintiff brought her action charging defendant with negligence.
Only three persons testified, all at plaintiff's instance, namely: plaintiff, her husband and the investigating police officer. The evidence tended to establish that defendant was going in excess of 25 miles an hour (the speed limit was 35) on a dry street when seen by Mr. Naumenko through his *357 rearview mirror. After the collision there were skid marks of about 16 feet leading to defendant's vehicle. Defendant told the policeman that his brakes failed to hold. He did not attempt to explain why or when this first became apparent. There is nothing in the record to possibly show that the failure of the brakes on this occasion was the first indication that they were defective, except possibly the fact that the vehicle was approved after state inspection about seven months before the accident.
During the trial plaintiff moved for judgment. After the verdict she moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial judge denied these motions, as is apparent from plaintiff's appeal.
We reverse and remand for a new trial. We find that there was a manifest denial or miscarriage of justice. Dolson v. Anastasia, 55 N.J. 2 (1969).
As we view the evidence, the jury apparently rewarded defendant for having faulty brakes by reason of a misguiding instruction by the trial judge. He instructed the jury in part that "in order for the defendant to be liable it is necessary * * * to find that the * * * faulty brakes * * * [were] known to the defendant or could have been discovered by him in the exercise of reasonable care on his part." Yet there was no more than a scintilla, if it may even be called that, of evidence to warrant such instruction. As already stated, there was no effort of defendant to establish that he did not know that the brakes were faulty.
Ordinarily a plaintiff would show the existence of defective brakes as evidence of negligence, and ordinarily the defendant would be burdened with establishing as an affirmative defense that he did not know or have any reason to know of the condition before the accident. Cf. McGlone v. Corbi, 59 N.J. 86, 99 (1971); Hacker v. Statman, 105 N.J. Super. 385 (App. Div. 1969), certif. den. 54 N.J. 245 (1969); Alpert v. Feldstein, 21 N.J. Super. 503 (App. Div. 1952); Wood v. Johnson, 242 Md. 446, 219 A.2d 231, 235 (Ct. App. 1966). We are not concerned here with the *358 failure of counsel to object to the erroneous charge, because although it may not have misled the jury, the verdict would nevertheless have been unacceptable under the evidence.
This is made clear by some of the holdings of our courts. Dolson, supra, held that a following automobile in the same lane of traffic is obligated to maintain a reasonably safe distance behind the automobile ahead, having due regard to the speed of the preceding vehicle and the traffic upon and condition of the highway. It specifically held that a failure to do so is negligence, not merely evidence of negligence.
In the instant case the jury had before it only that defendant was driving a motor vehicle with faulty brakes on a dry street; that he ran into the rear of plaintiff's vehicle, probably by reason of the defective condition of the brakes, and that he offered not a shred of excuse for driving the car in such a vitally defective condition. The verdict in reason and justice may not stand. See Vespe v. DeMarco, 43 N.J. 430 (1964); Stackenwalt v. Washburn, 42 N.J. 15 (1964); Lino v. Morris, 68 N.J. Super. 155 (App. Div. 1961), certif. den. 38 N.J. 339 (1962); Maloney v. Rath, 69 Cal.2d 442, 71 Cal. Rptr. 897, 445 P.2d 513 (Sup. Ct. 1968).
Reversed and remanded for a new trial.