## BAY STATE INSURANCE COMPANY *v.* ROBERT H. HILL

[No. 389, September Term, 1976.]

*Decided February 3, 1977.*

The cause was argued before MOORE, LOWE and MELVIN, JJ.

*George H. Eggers* for appellant.

No appearance for appellee.

MOORE, J., delivered the opinion of the Court.

A friendly fire almost became a conflagration as the result of faulty construction of a fireplace in a newly-constructed residence in Silver Spring, Montgomery County. Appellant, Bay State Insurance Company, paid a fire damage claim in the sum of $4,286.46 presented by the homeowners, its insureds. Subsequently, it brought suit against the builder, R. H. Hill, appellee, pursuant to a subrogation clause in the fire insurance policy. A jury in the Circuit Court for Montgomery County returned a verdict for Bay State but the presiding judge (McAuliffe, J.) thereafter granted a motion for judgment *n.o.v.* and entered judgment for costs in favor of Mr. Hill.

In a comprehensive written opinion, the court ruled that appellant's claim was barred by the two-year statute of limitations applicable to implied warranties [1] under Maryland Code, Real Prop. Art., § 10-204; and that Mr. Hill, as a mortgagee "loss payee" under the terms of the insurance contract, was immune from suit by Bay State; he could not, in effect, be sued by his own insurer.[2] Upon our review of the record and the applicable law, we affirm the trial court's ruling that the statute of limitations barred the action, although we do so on different grounds. We find it unnecessary to consider the question of appellee's immunity as a "loss payee."

---

1. The court noted the existence of a question of interpretation as to whether the implied warranties contained in Real Prop., § 10-203 applied only to the sale of improved realty and not to improvements on unimproved realty already acquired, especially in the light of the language of § 10-201 c. defining "purchaser" as the "original purchaser of *improved* realty." (Emphasis added.) In the face of "perplexing statutory language and the dearth of appellate construction to guide us" the court assumed without deciding that the implied warranties were applicable. As is noted, *infra,* although the amended declaration alleged a breach of express and implied warranties, the case was submittted to the jury only on the issue of implied warranties. For purposes of this appeal, we also assume the applicability of the implied warranties.

2. *See* Federal Insurance Co. v. Tamiami Trail Tours, Inc., 117 F. 2d 794 (5th Cir. 1941); General Insurance Co. of America v. Stoddard Wendle Ford Motors, 410 P. 2d 904 (Wash. 1966); Keeton, Insurance Law § 4.2(b) (1971).

## I

The critical factors involving the statute of limitations emerge from the following chronological outline:

November 21, 1971    Fire casualty occurred;

April 17, 1974    Original declaration filed by Bay State alleging breach by Hill of *express* warranty based upon construction contract;

November 25, 1974    Plea of Hill filed asserting general issue, waiver and estoppel, and immunity;

November 7, 1975    Amended declaration filed containing same allegations as original but further alleging that Hill breached the implied warranties contained in Real Prop. Art., § 10-203.[3]

November 10, 1975    Plea filed to amended declaration asserting same defenses but adding, *"That the plaintiff's action, or parts thereof, are not brought within the time prescribed by statute of limitations for such cases made and provided."* (Emphasis added.)

The express warranties alleged in the original and amended declarations were that, under the terms of the

---

**3.** Real Prop., § 10-203, titled "Implied warranties," provides:

(a) *Warranties which are implied.* — Except as provided in subsection (b) or unless excluded or modified pursuant to subsection (d), in every sale, warranties are implied that the improvement is:

(1) Free from faulty materials,

(2) Constructed according to sound engineering standards,

(3) Constructed in a workmanlike manner, and

(4) Fit for habitation, at the time of the delivery of the deed to a completed improvement, or at the time of completion of an improvement not completed when the deed is delivered.

construction contract, appellee Hill agreed to construct the fireplace according to the plans and specifications and in a workmanlike manner, "using sound materials, and in compliance with all building regulations then in effect in Montgomery County." At the trial, appellant's proof was confined to evidence of Mr. Hill's alleged breaches of the implied warranties set forth in § 10-203. No evidence of an express warranty was introduced and, indeed, the trial court instructed the jury that no express warranty was either claimed or proven.[4]

Appellant's cause of action, as subrogee under the fire insurance policy, arose on the date of the alleged breach, i.e., November 21, 1971. *Cotham v. Board of County Commissioners*, 260 Md. 556, 562, 273 A. 2d 115, 118 (1971); Real Prop., § 10-204 (c). Except as otherwise provided by statute, a civil action sounding in contract must be filed within three years from the date of the breach. Cts. & Jud. Proc., § 5-101. Thus, the original declaration, which alleged only a breach of an express warranty, having been filed approximately 2½ years following the casualty, was timely. There is, however, a shorter period of limitations, namely two years, for breach of implied warranties created by § 10-203. In this respect, § 10-204 (c) provides:

> "(c) *Limitation of actions.* — Any action arising under this subtitle shall be commenced within two years after the defect was discovered or should have been discovered or within two years after the expiration of the warranty, whichever occurs first."

From the chronology heretofore presented, it is readily apparent that both the original and amended declarations were filed after the two-year statute of limitations above quoted. The trial court held that although the original declaration was filed after the two-year period, Mr. Hill waived that defense by not specifically pleading it in his initial plea and the court then analyzed the questions presented as being (1) whether the amendment of the

---

4. Appellant did not take exception to the trial court's instructions in this regard.

declaration "related back" to the date of the original fire; and (2) assuming relation back, whether the special plea of limitations interposed to the amended declaration would likewise relate back and operate as a bar.[5]

Although we reach the same ultimate result as the learned trial judge, we do not agree that there was any waiver of limitations on the part of Mr. Hill. The only cause of action alleged in the original declaration was a breach of an *express* warranty as to which a three-year statute of limitations pertained and, as previously shown, the original declaration was filed within $2^1/2$ years. Mr. Hill therefore had no reason to plead limitations to the original declaration. The doctrine of relation back and the familiar cases in which it has been applied and explicated are not apposite. *See, e.g., Morrell v. Williams,* 279 Md. 497 (1976); *Mack Trucks, Inc. v. Webber,* 29 Md. App. 256, 347 A. 2d 865 (1975), *cert. denied,* February 3, 1976. The fundamental issue is whether appellee Hill could legally interpose the defense of the two-year statute of limitations when he filed a plea to the amended declaration on November 10, 1975. We think the answer is clearly in the affirmative.

The subject of amendments to pleadings is comprehensively treated in Maryland Rule 320, pursuant to which appellant filed its amended declaration asserting for the first time a breach of implied warranty and did so, properly, without leave of court. Maryland Rule 320 d.1. Although provision is made for objections to amendments, Rule 320 d.5, that subsection mandates that "amendments shall be freely permitted in order to promote justice." The relevant guidelines for a "response" to an amended pleading are contained in Rules 320 d.6 and 320 d.8. Maryland Rule 320 d.6 provides:

"6. Response — New or Additional.

*Where an amendment is made, and new facts are introduced, or the case is varied in any material respect, the opposite party shall be at liberty to file*

---

5. As to both questions, the trial court found in the affirmative.

*such new or additional response to the amended pleading as may be necessary.*" (Emphasis added.)

Maryland Rule 320 d.8 provides:

"8. Default in Responding to Amendment.

(a) Party Who Has Not Responded.

If a new party or an original party who has not responded shall fail to file his response within the time allowed, the case shall proceed in the same manner as if a party had failed to respond to the original pleading.

(b) Party Who Has Responded.

If an original party who has responded shall fail to file an additional response within the time allowed, the case shall proceed and the response previously filed shall be deemed to be a response to the amended pleading."

As we interpret the provisions of Rule 320 d.6, *supra*, in the light of the facts here involved, the conclusion is inescapable that "the case [was] varied in [a] material respect by the amended declaration." The trial judge made such a finding, unmistakably, when he stated:

"It is 'material' that § 10-203 created a contract implied in law, in addition to the express promises pleaded; it is 'material' that the plaintiff must prove a 'sale' or an 'improvement'; finally, it is 'material' that there is a shorter statute of limitations for § 10-203 warranties than for an ordinary civil action."

Once it is determined that the amended declaration materially altered the original declaration within the language above quoted, then appellee's right to file a plea raising the defense of the statute of limitations is, in our judgment, unquestionable. 2 J. Poe, Pleading and Practice § 619 (6th ed. 1970); *see Mack Trucks, Inc. v. Webber, supra; Crowe v. Houseworth*, 272 Md. 481, 325 A. 2d 592 (1974); *Doughty v. Prettyman*, 219 Md. 83, 148 A. 2d 438 (1959).

Appellant also contends that Hill's plea to the amended declaration did not adequately set forth the defense of limitations. We note that this point was not raised below by a motion to strike, or otherwise, and therefore is not preserved on appeal. Rule 1085. Even if properly before us, this contention is without merit. In his plea, Hill did not state that the applicable statute of limitations was two years, alleging only that the action was not brought "within the time prescribed." Although it is generally preferred that the plea raising such a defense contain the appropriate statute of limitations, we do not consider such omission fatal. All that is required is "a plain statement of such facts as may be necessary to form the defense." *Wallace v. Schaub*, 81 Md. 594, 597, 32 A. 324, 324 (1895); *see* 2 J. Poe, Pleading and Practice, *supra*, at § 620.

Finally, appellant challenges the timeliness of appellee's assertion of the defense of limitations by contending that Hill did not raise the bar, expressly, in his motion for directed verdict. We find no merit to this contention. The defense was not only raised in the plea, but also in exceptions to the court's charge and in appellee's motion for judgment *n.o.v.*

> *Judgment affirmed; costs to be paid by appellant.*