181 N.J. Super. 474 (1981)
438 A.2d 351
DAVID H. ROBERTS, PLAINTIFF-APPELLANT,
v.
HORACE F. HOOPER, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1981.
Decided November 10, 1981.
*476 Before Judges BOTTER, ANTELL and FURMAN.
Leonard H. Wallach argued the cause for appellant (Marcus & Levy, attorneys; Leonard H. Wallach and James P. D'Alessandro on the brief).
J. Allan Provan argued the cause for respondent.
The opinion of the court was delivered by FURMAN, J.A.D.
Plaintiff appeals from a judgment of no cause for action in favor of defendant following a jury trial. He was the driver of *477 a taxicab which was stopped in a line of vehicles at an intersection and struck in the rear by a car driven by defendant. The accident occurred in the left of two eastbound lanes. His motion for judgment notwithstanding the verdict or, in the alternative, for a new trial was denied. We are constrained to reverse and remand for a new trial.
Defendant testified to the background facts of the accident as follows:
When I saw the car was stopped I went to apply my brakes so I could stop, because there was a flow of traffic coming on the right of me. I realized but I did not have brakes. I started pumping them; nothing happened. I downshifted my car; nothing happened. I threw the emergency brake on, I heard a grinding situation. The car did not stop. I laid on the horn and more or less braced myself and then the impact.
He did not testify specifically that he had had no previous brake trouble or failure. He answered in the negative a general inquiry whether he had had any previous difficulty with his car. Also, he testified that his car had passed state inspection four months before.
Based upon this testimony the trial judge charged the jury that, if defendant was confronted with a sudden emergency over which he had no control, he should not be found guilty of negligence if he exercised reasonable prudence in choosing between alternative courses of action, even though another course of action might have been wiser and safer.
The trial judge's sudden emergency charge, to which an objection was made, is substantially longer than his general charge on negligence, although never specifically referring to defendant's claim of brake failure. The trial judge does not set out to the jury that it could exonerate defendant of negligence only if it found that he had met the burden of proof, as an affirmative defense, that his brakes suddenly failed without knowledge or reason to know on his part of any condition or defect which might result in brake failure. Naumenko v. Burrell, 144 N.J. Super. 355, 357 (App.Div. 1976).
*478 By contrast, the trial judge's general charge on negligence omits specific duties of the driver of a car approaching a stopped vehicle ahead, e.g., the duties to exercise reasonable care in the control of his car and in making observations of traffic ahead, to drive at a reasonably safe speed and to maintain a reasonably safe distance behind the vehicle ahead, under all the circumstances. Dolson v. Anastasia, 55 N.J. 2 (1969).
The sudden emergency doctrine was disproportionately emphasized in the jury charge. In accordance with it, the jury may have supposed that its primary function was to weigh and determine whether, after defendant's brakes failed, he chose a course of action, in attempting to apply his emergency brake and to downshift, which a reasonably prudent driver under the circumstances might have chosen even though not the wisest and safest course of action; and, if so concluding, to return a verdict in defendant's favor.
We have a predominant sense of wrongness in the result reached based upon the entire record. See State v. Johnson, 42 N.J. 146, 162 (1964). Because we are reversing and remanding for a new trial, we set forth our views of the appropriate governing law.
Defendant should have the burden of proof of the affirmative defense that his brakes suddenly failed and that the condition or defect causing such failure was not known to him or reasonably discoverable by him prior thereto. Naumenko, supra. He would be entitled to a verdict in his favor if the jury so found and also found that, when confronted with the brake failure as a sudden emergency, he exercised reasonable prudence in pursuing the course of action which he pursued, rather than some alternative course of action such as veering to the left or right.
To invoke the sudden emergency doctrine and to be entitled to that charge to the jury, a party must have been confronted by a sudden emergency over which he had no control, without fault on his part. The doctrine negates negligence if *479 the jury finds that the party chose one of alternative reasonably prudent courses of action, even though, by hindsight, another course of action would have been safer. If applicable, a jury charge incorporating the sudden emergency doctrine is available both on the issue of negligence of a defendant and on the issue of contributory negligence of a plaintiff. Harpell v. Public Service Coord. Transport, 20 N.J. 309, 317 (1956); Viruet v. Sylvester, 131 N.J. Super. 599, 602 (App.Div. 1975), certif. den., 68 N.J. 138 (1975); cf. Hart v. New York Sash & Door Co., Inc., 134 N.J.L. 151, 153 (Sup.Ct. 1946).
We reverse and remand for a new trial. We do not retain jurisdiction.