## DALLAS LEE SPENCER *v.* STATE OF MARYLAND

[No. 129, Initial Term, 1967.]

*Decided May 9, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and MENCHINE, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Benjamin L. Brown* for appellant.

*S. Leonard Rottman, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the majority opinion of the Court. THOMPSON and MENCHINE, JJ., dissent. Dissenting opinion by MENCHINE, J., in which THOMPSON, J., concurs, at page 269, *infra.*

Appellant was convicted of assault with attempt to rob on April 11, 1966 in the Criminal Court of Baltimore, Judge Joseph R. Byrnes presiding, without a jury, and was sentenced to imprisonment for a term of two years. This appeal from that judgment raises as the only contention that the evidence was not sufficient to sustain the conviction.

A driver salesman for The Pepsi Cola Company returned to his truck at the corner of Edmondson and Arlington Avenues in Baltimore City about 12:40 P.M. after serving two stores in the neighborhood. He got in the truck and his helper was getting in the opposite side when the co-defendant, Lipscomb, came up to the helper's side of the truck and told the driver to give him a dollar. The door had not been closed and the driver attempted to drive off but the truck stalled. Lipscomb reached into his pocket. The driver rolled out his side of the truck and ran. When the helper saw the driver jump out and run, he also ran. The helper heard Lipscomb ask for a dollar and also saw Lipscomb reach into his pocket while standing in the truck door although the helper testified that at first he thought the driver knew Lipscomb and ran only because the driver ran. The driver did not see appellant but heard someone other than Lipscomb come up to the side of the truck while Lipscomb was demanding the money. The police, responding to a call, went to the locality of the incident and observed Lipscomb and appellant near Preston Street and Argyle Avenue. Both were breathing heavily and sweating slightly. Appellant gave a statement to the police which was received in evidence without objection. He said that he was with Lipscomb and told Lipscomb he had thirty-seven cents and they could "panhandle for enough to get a pint of

wine." He had gone up an alley to relieve himself and when he walked out of the alley Lipscomb walked up to the truck. The driver and helper ran, Lipscomb ran and appellant followed.

The Court of Appeals said in *Johnson v. State,* 227 Md. 159 (1961) at page 163:

> "Everyone accused of crime is presumed to be innocent; and, in order to justify a finding of guilt, it is incumbent upon the State affirmatively to establish the defendant's guilt beyond a reasonable doubt. We have held that the presence of the accused at the scene of a crime is an important element that may be considered in determining the guilt or innocence of a person charged with the crime, *Tasco v. State,* 223 Md. 503, 509, 165 A. 2d 456; but presence, alone, at the place where a crime has been committed is not sufficient to establish participation in the perpetration of the crime. *Watson v. State,* 208 Md. 210, 117 A. 2d 549. We have also held that exculpatory statements by an accused are not binding upon, but may be disbelieved by, the trier of facts, *Shockley v. State,* 218 Md. 491, 148 A. 2d 371; and in *Vincent v. State,* 220 Md. 232, 237, 151 A. 2d 898, we stated the rule regarding the sufficiency of the evidence thus:
>
>> " 'In every criminal case, evidence, to meet the test of legal sufficiency, must show directly, or support a rational inference of, the facts required to be proved; and the facts must be established, or the inference supported, beyond a reasonable doubt or to a moral certainty, or a reasonable doubt of an opposite fact must be created.' "

Since the instant case was tried by a lower court, sitting without a jury, this Court may "review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses." Maryland Rule, 1086. This Court does not determine whether the defendant was guilty beyond a reasonable doubt, but its function is to determine from

the evidence and the proper inferences therefrom, whether there was sufficient evidence to warrant the finding that the defendant was guilty beyond a reasonable doubt. *Abney v. State,* 244 Md. 444 (1966).

Applying the above principles of law and the rule to the facts of the instant case, and assuming, arguendo, that Lipscomb assaulted the driver with intent to rob him we find that appellant was in the company of Lipscomb before the crime was committed and immediately thereafter. He was in the vicinity of the scene of the crime when it was committed. These facts, alone, will not suffice to sustain a conviction. There was no direct evidence that appellant participated in the robbery; he was not identified as being by the truck when the robbery occurred, the testimony of the truck driver being that he heard "* * * someone * * * I heard his footsteps as he ran up"; the driver did not see appellant and whoever came up did not say anything; the helper saw two men running from the scene but could only identify Lipscomb; the driver did not identify appellant as one of the men running from the scene. There is no direct testimony that appellant planned to rob the driver with Lipscomb or that he knew Lipscomb was going to commit the robbery or was committing it: in his statement to the police officer he said he told Lipscomb he had thirty-seven cents and they "could panhandle for enough to get a pint of wine." We must, therefore, examine the testimony further, and see if it be sufficient to support a rational inference beyond a reasonable doubt or to a moral certainty that appellant participated, either as a principal perpetrator or aider or abettor, in the robbery. We find it does not. That appellant was in the company of Lipscomb before the crime, that they wanted money for wine, that he was found in the company of Lipscomb shortly after the commission of the crime breathing heavily and sweating slightly are not sufficient to support a rational inference beyond a reasonable doubt or to a moral certainty that appellant participated in the robbery or that he shared a common criminal purpose with Lipscomb to rob the driver.

We hold that the trial judge was clearly in error in finding the appellant guilty on the record as it is presented to us. The conjectures of the trial judge might be entirely correct. But no

matter how suspicious the circumstances, a conviction without proof cannot be sustained under the laws of this State. A person is innocent until he is proved guilty, and there must be evidence which leads to such a result. *Estep v. State,* 199 Md. 308 (1952).

Since the sole reason for the reversal is the insufficiency of the evidence and this may be supplied by the State, we shall remand the case for a new trial.

> *Judgment reversed and case remanded for a new trial.*

MENCHINE, J., dissenting:

I would affirm. It seems to me that the majority has substituted its judgment for that of the trial court in a matter wherein reasonable minds might differ. I believe that the opportunity of the trial judge to hear the witnesses and to observe their conduct should be controlling in such a situation.

There is no doubt that the co-defendant, Lipscomb, approached the Pepsi-Cola truck with attempted robbery in mind. There is no doubt in my mind that on the cold record, the conclusion is *permissible,* if not *inescapable* that the appellant acted in concert with Lipscomb.

The testimony that there was a second man *running* at the back of the truck; the joint flight with Lipscomb from the scene of the attempted robbery; the manifest inconsistencies in the testimony of Lipscomb, and the suggested exculpatory statement of Spencer; the physical condition of the men as described by the arresting officers upon arrest; the uncontradicted testimony that Lipscomb and the appellant were together *before* and *after* the event; the prior discussions of a need for money; in combination *permit,* if they do not *compel* a finding of guilt. Judge Thompson joins me in this dissenting opinion.