JAMES JOSEPH PETTIS AND ROBERT LEE
FAULDS *v.* STATE OF MARYLAND

[No. 310, Initial Term, 1967.]

*Decided January 2, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Frederick A. Olverson* for appellants.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Ronald L. Willoner, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The Appellants, James Joseph Pettis and Robert Lee Faulds, were convicted of storehouse breaking by Judge Ralph W. Powers, sitting without a jury, in the Circuit Court for Prince George's County. Both Appellants were sentenced to eighteen (18) months in the Maryland House of Correction.

The Appellants have challenged the sufficiency of the evidence. The record indicates that on April 28, 1966, at approximately 3:15 A.M. Corporal E. J. Nichols of the Prince George's County Police was routinely patrolling the Riggs Plaza Shopping Center. As he approached the office of the American Finance Corporation of Takoma Park he observed the curtains partially closed and found that a safe normally positioned against the west wall of the office had been moved across a newly waxed floor to a position just inside the front door of the office. The Corporal further testified that he then left his vehicle and examined the front door of the office, finding several fresh pry marks around the latch. Thinking that someone would return, he circled the block, coming to rest approximately three minutes later at a point some two hundred feet from the finance company. Immediately thereafter he observed a 1955 Chrysler stop in front of the finance company office and saw a man, whom he subsequently identified in court as the Appellant, Pettis, run from the office and jump into the car. Never losing sight of the vehicle, Corporal Nichols pursued it to the southwest corner of the shopping center where he found the Appellant, Faulds, to be the driver, and Pettis the passenger. Both explained that they had stopped in front of the finance company office to place telephone calls from a booth located some twenty feet away from the subject office.

Without arresting either of the Appellants, the corporal reentered his vehicle and returned to the finance company office where he found that the safe had been returned to its normal

position adjacent to the west wall of the office. He then pursued the Appellants and apprehended them.

The manager of the finance company testified that when he had closed the office at approximately 8:00 P.M. on April 27, 1966, the subject safe was in its normal position, adjacent to the west wall. Apparently, nothing was taken from the office or the safe.

The Appellants concede that they were present at the scene of the crime but they argue that mere presence will not suffice to support a conviction.

It is true that the Court of Appeals has held that presence, alone, at the place where a crime has been committed is not legally sufficient to establish participation in the commission of the crime. At the same time, however, it held that the presence of the accused at the scene of the crime is an important element in determining the guilt or innocence of the person charged with the crime. *Johnson v. State,* 227 Md. 159, 163. Here the lower court had before it additional elements of convincing evidence which pointed, unerringly, to the Appellants' guilt. For example, Pettis was seen by the police officer running from the doorwell of the office to the waiting car occupied by Faulds immediately after the safe had been returned to its original position; the pry marks on the front door of the office were "fresh;" there were no other persons in the vicinity of the building; and Pettis' excuse of using a telephone at 3:30 A.M. to notify a brother that he would report for work as usual at 8:00 A.M. that morning was not entirely plausible.

Proof of guilt beyond all doubt has never been required, even in the most serious criminal cases. *Tasco v. State,* 223 Md. 503. In *Berry v. State,* 202 Md. 62, 67, the Court of Appeals stated:

> "The trier of facts in a criminal case is enjoined by law to give due force to the presumption of innocence, and then to proceed cautiously in weighing the evidence; but he is not commanded to be naive and to believe without scrutiny every glib suggestion or far-fetched fairy tale whether emanating from State or defense. An indispensable ingredient in judgment, in court as well as out of it, is a modicum of common sense."

Likewise, in *Hayette v. State,* 199 Md. 140, the Court stated, at page 144:

"To prove guilt beyond a reasonable doubt it is not necessary that every conceivable miraculous coincidence consistent with innocence be negatived."

There was, in our opinion, legally sufficient evidence to sustain the lower court's judgments of conviction.

*Judgments affirmed.*