MARIE M. NEIL *v.* STATE OF MARYLAND

[No. 8, September Term, 1967.]

---

*Decided January 2, 1968.*

The cause was argued before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

*Stanley S. Cohen* for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *William Lenhard, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

Per Curiam.

The Appellant, Marie M. Neil, was tried upon an agreed statement of facts before the Honorable Meyer M. Cardin, sitting in the Criminal Court of Baltimore without a jury, and found guilty of storehouse breaking. She was sentenced to not more than three years in the Maryland Correctional Institution for Women.

In this appeal, the sole contention is the legal sufficiency of the evidence to sustain her conviction.

The record indicates that as a result of a number of burglaries, Baltimore City Police officers were "staked out" on the premises of Zepp's Photo Supply Company during the evening of October 22, 1966. At approximately 8:50 P.M., an automobile backed into the rear yard of the premises and the Appellant's co-defendant, Clifton Price, Jr., an employee of Zepp's, got out of the car. Fairley White, another co-defendant and also an employee of Zepp's, was observed by the police in the rear seat of the car. Price entered the building by opening the rear door and was apprehended a few seconds later by one of the officers as he began running toward the second floor of the building. Going out to the car, the officer arrested the Appellant, who was sitting in the right hand front seat. The record further indicates that in the interim, co-defendant White and a third person whose identity remains unknown, left the car and fled from the scene.

The Appellant testified that she had met the men earlier that evening in a bar. When the bartender requested her to leave she went to the car with her co-defendants and continued drinking. She further testified that her co-defendants told her that they were going to pick up some girls, and told her nothing about "robbing or going to rob." The Appellant stated that she was "almost intoxicated" and further testified "I don't remember nothing."

The Court of Appeals in *Johnson v. State,* 227 Md. 159, held that "presence of the accused at the scene of a crime is an important element that may be considered in determining the guilt or innocence of a person charged with the crime, *Tasco v. State,* 223 Md. 503, 509; but presence, alone, at the place where the crime has been committed is not sufficient to establish participation in the perpetration of the crime. *Watson v. State,* 208 Md. 210."

In the instant case, we find that the Appellant was in the company of co-defendant Price, both before and during the time when the crime was committed. She was most certainly in the vicinity of the scene of the crime when it was committed. As stated in *Johnson, supra,* mere presence, alone, will not suffice to sustain a conviction; and yet the Appellant's presence was the only evidence before the lower Court to connect her with

the commission of the crime. There was no evidence that she participated in the execution of the crime in any manner. There was no testimony that the Appellant assisted in the planning or in the execution of the crime, or that she, in fact, knew that the crime was going to be committed. It is significant that the Appellant, unlike her co-defendant White and the unknown third person, made no attempt to flee the scene of the crime.

This case is not unlike *Spencer v. State,* 1 Md. App. 264, 267, and, we hold here, as we did there, that on the record before us the evidence adduced at the trial was legally insufficient to support the lower court's verdict of guilty.

Accordingly, it must be set aside as clearly erroneous. Maryland Rule 1086.

> *Judgment reversed and case remanded for a new trial.*