## JAMES EVERETT WILLIAMS *v.* STATE OF MARYLAND

[No. 81, September Term, 1967.]

*Decided February 1, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Benjamin L. Brown* for appellant.

*Richard M. Pollitt, Special Attorney,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert Sapero, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, James Everett Williams, was convicted in the Criminal Court of Baltimore by the court, sitting without a jury, of malicious destruction of property and larceny of goods over the value of one hundred dollars. He received concurrent sentences of one year and eight years in the Maryland House of Correction.

The sole contention raised on this appeal is that the evidence was not sufficient to sustain the conviction.

On October 22, 1966, at approximately 10:00 a.m., Jack Brown, a partner in the Bonded Loan Company, 4 N. Eutaw Street, Baltimore, Maryland, and his friend Sidney Newburg observed, from inside the shop, the breaking of the display window and a person, later identified as John Smith, Jr., reach in the window and take therefrom a tray of rings. Mr. Brown and his friend pursued Smith. During the chase, about a block and

one half from the shop, Brown and Newburg observed that the appellant was also running in front of Smith. The police joined in the pursuit and apprehended Smith and the appellant. Throughout the pursuit, appellant remained in front of Smith. Neither was observed carrying anything, nor was there direct physical contact between them while in flight. When apprehended, appellant and Smith were not together. Appellant was never observed by anyone at the scene of the crime when the display window was broken.

At the trial the appellant took the stand but Smith did not. Appellant's testimony set forth a denial of participation in or knowledge of the offense. He stated that he was an escapee from the Maryland House of Correction and was seeking assistance from an attorney. He testified he was returning from a visit to that attorney's office when he observed Smith in flight and that he then began running for fear of being apprehended as an escapee. Nothing was found on the appellant when apprehended which would connect him with the offense, nor was there evidence to establish a connection or relation between Smith and the appellant.

Our juridical history has long reflected the basic premise that "[e]veryone accused of crime is presumed to be innocent; and, in order to justify a finding of guilt, it is incumbent upon the State affirmatively to establish the defendant's guilt beyond a reasonable doubt." *Johnson v. State,* 227 Md. 159, 163, 175 A. 2d 580 (1961). The rule regarding the sufficiency of the evidence was noted in *Spencer v. State,* 1 Md. App. 264, 267, 229 A. 2d 151 (1967) quoting *Vincent v. State,* 220 Md. 232, 151 A. 2d 898 (1959) :

> "In every criminal case, evidence, to meet the test of legal sufficiency, must show directly, or support a rational inference of, the facts required to be proved; and the facts must be established, or the inference supported, beyond a reasonable doubt or to a moral certainty, or a reasonable doubt of an opposite fact must be created."

Flight from the scene of a crime is a factor that may be considered in determining guilt. *Davis v. State,* 237 Md. 97, 105,

205 A. 2d 254 (1964) ; *Tasco v. State,* 223 Md. 503, 509, 165 A. 2d 456, cert. denied, 365 U. S. 885, 81 S. Ct. 1036, 6 L. Ed. 2d 195 (1960) ; *Clay v. State,* 211 Md. 577, 585, 128 A. 2d 634 (1957).

> "Flight from justice, and its analogous conduct, have always been deemed indicative of a consciousness of guilt. * * * It is today universally conceded that the fact of an *accused's flight,* escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." (Emphasis supplied). Wigmore, *Evidence* § 276 (3d ed. 1940) ; *Davis v. State, supra,* 105.

The State urges that the instant case is governed by *Tasco v. State, supra.* We agree. However, the facts in the instant case dictate an opposite holding from that urged by the State. In *Tasco,* the Court of Appeals, speaking through Judge Prescott, stated at page 509, "* * * it is elementary that the mere presence of a person at the scene of a crime is not, of itself, sufficient to establish that that person was either a principal or accessory to the crime. *Watson v. State,* 208 Md. 210, 117 A. 2d 549; *Judy v. State,* 218 Md. 168, 146 A. 2d 29. But presence at the *immediate and exact spot* where a crime is in the process of being committed is a very important factor to be considered in determining guilt." (Emphasis supplied.)

Applying the above principles of law to the instant case, we find that the appellant, concededly, was observed in flight and apprehended at the cessation of same, but this, alone, will not suffice to sustain a conviction. There was no legally sufficient evidence that the appellant participated in the crimes charged. The record before us fails to establish the presence of the appellant at the immediate vicinity where the crime was committed. We do not find that flight from the general vicinity of the crime, standing alone, is adequate to establish the presence at the scene necessary to sustain the finding of the lower court. Furthermore, appellant had good reason to flee. As we stated in *Spencer v. State,* 1 Md. App. 264, 268-269, 229 A. 2d 151

(1967), citing *Estep v. State,* 199 Md. 308, 314, 86 A. 2d 470 (1952) :

> "The conjectures of the trial judge might be entirely correct. But no matter how suspicious the circumstances, a conviction without proof cannot be sustained under the laws of this State. A person is innocent until he is proved guilty, and there must be evidence which leads to such a result."

Since, however, the sole reason for reversal is the insufficiency of evidence, and this may be supplied by the State, we will therefore remand the case for a new trial. *Estep v. State, supra; Wright v. State,* 198 Md. 163, 81 A. 2d 602 (1951) ; *Spencer v. State, supra.*

*Judgments reversed and remanded for a new trial.*