## WILLIAM DANIEL CHAVIS, JR. *v.* STATE OF MARYLAND

[No. 251, Initial Term, 1967.]

*Decided February 16, 1968.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and DIGGES, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Stanley S. Cohen* for appellant.

*James R. Klein, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *William R. Lenhard, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellant, William Daniel Chavis, Jr., was convicted by Judge J. Gilbert Prendergast, sitting in the Criminal Court of Baltimore, without a jury, of storehouse breaking, possession of a starter pistol,[1] and carrying a deadly weapon.[2] He was sentenced to three years for the storehouse breaking, one year for possession of a starter pistol to be served consecutively, and he was given a suspended one year sentence for carrying a deadly weapon.

In this appeal, he contends that there was no legally sufficient evidence to sustain his conviction of storehouse breaking.

---

1. In violation of Md. Code, Art. 38A, Sec. 16.
2. A Blackjack.

The record indicates that the owner of a tavern in Baltimore City closed the establishment at 1:00 A.M. on July 24, 1966, which contained merchandise valued at approximately $5000; and when he returned at 4:00 A.M. as a result of having been called by the police, he found the rear door of the tavern had been forced open and an inner door leading into the bar had been damaged.

A police officer testified that he went to the rear of the tavern a few minutes before 4:00 A.M., in response to a call to investigate a breaking and entering of the tavern, and there he encountered the Appellant approximately six feet from the rear door. He also observed several heavy metallic objects, variously described as crow bars or pinch bars, both inside and outside of the door. He was joined by a fellow officer almost immediately who entered the rear door and found the co-defendant of the Appellant "going up the stairs." Another officer searched the Appellant and found a blackjack and a starter pistol.

The Appellant took the stand and testified that he had taken a cab from a party he had attended earlier in the evening; that he got out of the cab about seven blocks from his home to enable the cab driver to answer another call; that he walked to the rear of the tavern to relieve himself; and that he was about to depart for his home when apprehended by the officer. He denied knowing the co-defendant and the co-defendant denied knowing the Appellant. The co-defendant testified that the Appellant did not participate in the crime. He acknowledged seeing the Appellant at the rear of the premises and admitted calling him "Danny" at the police station but asserted he learned the Appellant's name from the police. The Appellant admitted that he had been previously convicted of burglary, malicious destruction of property, unauthorized use of motor vehicles and assault and battery on four occasions.

It is argued on behalf of the Appellant that his presence at the scene of the crime is the only evidence to connect him with its commission and that this is legally insufficient to sustain his conviction.

It is true that mere presence at the scene of the crime is, ordinarily, not considered legally sufficient evidence to establish the commission of the crime. However, it has been con-

sistently held that the presence of the accused at the scene of the crime is a compelling element in determining the guilt or innocence of the person charged with the crime. *Johnson v. State,* 227 Md. 159, 163; *Pettis v. State,* 2 Md. App. 651, 653; and the trier of facts must take into consideration all the attendant circumstances surrounding the presence of the accused at the scene in making the determination of guilt or innocence.

The trial judge, in view of the acknowledged criminal background of both the Appellant and the co-defendant, was not compelled to believe their stories. *Chittum v. State,* 1 Md. App. 205, 209; *Logan v. State,* 1 Md. App. 213, 216. As was said by the Court of Appeals of Maryland in *Berry v. State,* 202 Md. 62, 67, the trial judge, "is not commanded to be naive and to believe without scrutiny every glib suggestion or far-fetched fairy tale whether emanating from State or defense. An indispensable ingredient in judgment, in Court as well as out of it, is a modicum of common sense." The trial judge expressly found that "the two large pinch bars and another bar were heavy and cumbersome, not the sort of equipment that one man normally carries * * *;" and he concluded that the Appellant and the co-defendant were "very well acquainted and they operate together." The trial judge had the benefit of seeing, hearing and observing the demeanor of the witnesses, a benefit which is not afforded us by the record. Under Maryland Rule 1086, we are proscribed from setting aside the trial judge's verdict on the ground of legally insufficient evidence unless we are convinced that his verdict was clearly erroneous. We are not so convinced on the record in this case.

*Judgment affirmed.*