## EVERETT W. SHIFFLETT *v.* STATE OF MARYLAND

[No. 170, September Term, 1967.]

*Decided April 4, 1968.*

The cause was submitted to MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Alan J. Bloom* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Thomas N. Biddison, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On April 12, 1967 appellant Everett W. Shifflett was convicted in the Criminal Court of Baltimore, Judge Charles D. Harris presiding without a jury, of storehousebreaking, being a rogue and vagabond, and carrying a concealed deadly weapon. He was sentenced to terms of five years, two years and three years on the respective charges, to be served in the Maryland Correctional Institution. The sentences for storehousebreaking and being a rogue and vagabond were concurrent, and the three year sentence for carrying a deadly weapon was consecutive, totalling in all eight years imprisonment.

The sole contention on appeal is that there was legally insufficient evidence to sustain the convictions.

The evidence adduced at the trial shows that on October 20, 1966, at approximately 7:00 a.m., Edwin S. Vance, manager of Ronnie's Tavern, noticed two men, one of whom was appellant, parked in a car located in an unusual position for those patronizing the tavern. The car was situated in a nearby field rather than in the parking lot provided for the customers. The two men entered the tavern and departed soon thereafter. Vance testified he left the tavern at 12:00 midnight, but that the barmaid did not close the establishment until 2:00 a.m.

At approximately 2:40 a.m. on the morning of October 21, 1966, Officer Barclay of the Southern District was patrolling in the vicinity of Ronnie's Tavern. Pursuant to his duties of checking the doors of the stores in the area, he left his patrol car and approached the rear of the tavern with a flashlight in hand. He came upon three white males standing ten feet from the rear window of the tavern. They immediately ran to the rear of some houses adjacent to the tavern. Officer Barclay testified he did not see their faces, but that one of the males was "big and husky and wore a three-quarter length black leather jacket." He did not give pursuit, but came back to his patrol car and called for assistance. He so positioned his car to observe the alley and the immediate area into which the men had run. Within "two or three minutes" Officer DiStefano, Officer Rainey and Sergeant Stricker joined Officer Barclay. Officers DiStefano and Barclay found two men under a bush in the yard of a home adjacent to the tavern. They were brought to the parking lot. Officers Barclay and Rainey returned to the area, and while in

the rear of the house next to where the two men were discovered, appellant, "a big man wearing a black leather jacket" was apprehended. He was crouched down by the steps of a small building at the rear of the house. Appellant's apprehension took place "120 to 250 feet" from the tavern, approximately ten minutes after the officers arrived at Officer Barclay's request.

Officers Barclay and Rainey returned to the area where the appellant's confederates were discovered and found a loaded gun. They next proceeded to the area where appellant was apprehended and discovered a straight razor, black tape and a punch and glass cutter, partially covered by a man's sock.

Shortly thereafter the police requested Vance to come to the tavern. Upon arrival, he observed the storeroom windows were pried open and the bars on the windows were pulled apart. Furthermore, the pole securing the doors on the inside had been removed, and a crowbar was discovered in the immediate area. Vance testified that the windows were in proper condition the day before.

We stated in *Thomas v. State,* 1 Md. App. 528, "The test of the sufficiency of the evidence in a case tried before the court without a jury, when reviewed in this court, is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt of the defendant's guilt of the offense charged." See also *Chittum v. State,* 1 Md. App. 205, 209. Furthermore, "the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses." *Thomas v. State, supra;* Maryland Rule 1086. We do not find the judgment clearly erroneous.

Appellant relies on *Johnson v. State,* 227 Md. 159, to show that "* * * presence alone at the place where a crime has been committed is not sufficient to establish participation in the perpetration of the crime." However, that case also held the presence of the accused at the scene of the crime is an important element in determining the guilt or innocence of the person charged with the crime. As heretofore indicated, the lower court had before it additional elements of convincing evidence which pointed,

unerringly, to the appellant's guilt, including the fact that he and his companions were in possession of burglarious implements, that they fled when the police came on the scene, and that the tavern windows had been pried open.

Appellant alleges the conviction for carrying a concealed deadly weapon was erroneous. The testimony of Officer Barclay established that while the razor was not found on appellant's person, it was found at the immediate and exact spot where appellant was apprehended. It is established that in order to support a conviction of wearing or carrying a concealed deadly weapon, the State must establish *either* that the accused was carrying the weapon *or* that it was in such proximity to him as would make it available for his immediate use. See *Corbin v. State*, 237 Md. 486. The evidence adduced below dictates that the facts and circumstances of the instant case are within the ambit of the above cited case.

The State concedes that the lower court erred in convicting appellant on the rogue and vagabond count, in light of his conviction of storehouse breaking with the intent to steal goods in excess of $100.00. Treating the State's concession as an admission that appellant was convicted under that part of the rogue and vagabond statute (Article 27, Section 490) which proscribes being "found in or upon (a) * * * storehouse * * * with an intent to steal," we agree that such conviction was improper, since that count merged into the greater offense of storehouse breaking. See *Buckley v. State*, 2 Md. App. 508; *Manning v. State*, 2 Md. App. 177; *Chittum v. State, supra.*

> *Judgment affirmed as to first count (storehouse breaking) under Indictment 5198Y and first count (carrying a concealed deadly weapon) under Indictment 5199; judgment vacated as to second count of Indictment 5198Y as merging with the first count (storehouse breaking) of said indictment.*