# LLOYD McDUFFIE *v.* STATE OF MARYLAND

[No. 518, September Term, 1969.]

*Decided August 18, 1970.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Howard Norin* for appellant.

*Robert A. DiCicco, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Charles
E. Moylan, Jr., State's Attorney for Baltimore City,* and
*George A. Eichorn, Assistant State's Attorney for Bal-
timore City,* on the brief, for appellee.

MORTON, J., delivered the majority opinion of the Court.
ORTH, J., dissents. Dissenting opinion by ORTH, J., at
page 195 *infra.*

The appellant, Lloyd McDuffie, was convicted of at-
tempted daytime housebreaking in a non-jury trial in
the Criminal Court of Baltimore and sentenced to three
years imprisonment. While conceding that the *corpus de-
licti* was sufficiently proved, appellant contends in this
appeal that the evidence was legally insufficient to prove
his criminal agency. We agree.

The record discloses that at approximately 12:30 on
the afternoon of February 3, 1969, Mrs. Ethel Gordon
noticed two boys at the door of 1638 North Broadway, a
street in Baltimore City. The witness stated that it looked
"like they were trying to get in the door, but I knew it
was nobody that lived there because I know who stays
there." The witness promptly called the police and re-
ported the incident. At trial Mrs. Gordon stated that she
was unable to identify the boys she saw at the door be-
cause she "only saw the back of them."

Lucious Thomas testified that at "about 12 o'clock" in
the afternoon of February 3, 1969, he was in bed at his
residence at 1638 North Broadway when he "heard some
banging at the front door." According to the witness, he
"came down the steps and opened the door" and saw the

appellant standing on the corner in front of a grocery store about 30 feet from the house. The witness then re-entered the house and "went straight to the back door, and I saw the other boy in the backyard." This "other boy" was identified as Leon Burton, a co-defendant. The witness then returned to the front door where he was met by a policeman who was responding to Mrs. Gordon's call. According to Mr. Thomas the wood on the front door was "chipped off" and "busted loose" at the lock.

Officer Francis Lipa testified that on the afternoon in question he responded to a "call to 1638 North Broadway for a burglary in progress." The officer met Mr. Thomas at the front of the house and then "started to the rear of the house with Mr. Thomas, and I observed Officer Vesely and Officer Murphy with two suspects."

Officer John Murphy testified that on the day in question he and Officer Vesely responded to a call at 1638 North Broadway in order to back up Officer Lipa. As they approached the scene, the officers observed appellant and his co-defendant walking together from "the rear alley of the 1600 block Broadway onto Lanvale Street." A search by the officers uncovered two screwdrivers in the possession of Leon Burton.

Leon Burton testified that he had not been in the yard or in the alley behind the 1600 block of North Broadway. He admitted being on Lanvale Street near the alley but stated that he was simply walking by there on his way to his wife's house to remove a window in order to get a set of bedsprings into the bedroom and this accounted for his possession of the screwdrivers. The appellant did not testify.

Every individual accused of a crime is presumed to be innocent and in order to justify a conviction, the State must affirmatively establish the defendant's guilt beyond a reasonable doubt. In reviewing the sufficiency of the evidence in a case tried without a jury, this Court may reverse the judgment of the lower court only if the judgment is found to be clearly erroneous. Md. Rule 1086. Otherwise stated, we must affirm the judgment of the

lower court if there is any evidence which shows directly or supports a rational inference of the facts required to be proved, from which the trial judge could have been fairly convinced, beyond a reasonable doubt, of the accused's guilt of the crime charged. *Williams v. State,* 5 Md. App. 450. Measuring the evidence before the trial judge in this case against the above stated principles, we must conclude that the judgment of the lower court was clearly erroneous.

The presence of the accused at the scene of a crime is an important element that may be considered in determining the guilt or innocence of a person charged with the crime, but presence alone, at the place where a crime has been committed does not constitute legally sufficient evidence to convict. *Johnson v. State,* 227 Md. 159.

In *Spencer v. State,* 1 Md. App. 264, at 268, a case factually similar to the instant case, this Court stated:

> "* * * [A]ssuming, arguendo, that Lipscomb assaulted the driver with intent to rob him we find that appellant was in the company of Lipscomb before the crime was committed and immediately thereafter. He was in the vicinity of the scene of the crime when it was committed. These facts, alone, will not suffice to sustain a conviction. * * * That appellant was in the company of Lipscomb before the crime, that they wanted money for wine, that he was found in the company of Lipscomb shortly after the commission of the crime breathing heavily and sweating slightly are not sufficient to support a rational inference beyond a reasonable doubt or to a moral certainty that appellant participated in the robbery or that he shared a common criminal purpose with Lipscomb to rob the driver."

In *Neil v. State,* 2 Md. App. 659, a case we described as "not unlike" the *Spencer* case, we reversed a conviction of storehouse breaking. There we stated (pp. 661-2) :

> "In the instant case, we find that the Appel-

lant was in the company of co-defendant Price, both before and during the time when the crime was committed. She was most certainly in the vicinity of the scene of the crime when it was committed. As stated in *Johnson, supra,* mere presence, alone, will not suffice to sustain a conviction; and yet the Appellant's presence was the only evidence before the lower Court to connect her with the commission of the crime. There was no evidence that she participated in the execution of the crime in any manner. There was no testimony that the Appellant assisted in the planning or in the execution of the crime, or that she, in fact, knew that the crime was going to be committed. It is significant that the Appellant, unlike her co-defendant White and the unknown third person, made no attempt to flee the scene of the crime."

In the case at bar the only evidence before the lower court was appellant's presence on a public street in front of a store 30 feet from the scene of the crime and that shortly thereafter he was in the company of Leon Burton, who was identified as having been shortly before in the backyard of the house where the crime was committed, with two screwdrivers in his possession.

Assuming, arguendo, as we did in *Spencer,* that Burton was a participant in the attempted housebreaking, no evidence was produced which placed appellant at the door of the house or placed appellant in the company of Burton at any time prior to the crime. Appellant had no "burglarious implements" in his possession, see *Shifflett v. State,* 3 Md. App. 550; *Chavis v. State,* 3 Md. App. 179, and he made no attempt to flee from the scene of the crime. See *Neil v. State, supra,* at 662. The only evidence adduced by the State was appellant's presence in the vicinity of the crime at the approximate time it was committed. While the evidence of his presence, under the circumstances, may have created a strong suspicion of his guilt, such evidence, standing alone, falls short of sup-

porting a rational inference that appellant was guilty, beyond a reasonable doubt and to a moral certainty, of the crime with which he was charged.

As we are of the opinion that the evidence was legally insufficient to sustain appellant's conviction, the judgment of the lower court must be vacated. The case is hereby remanded. The lower court is directed to order a new trial if the State makes a prompt and satisfactory showing that additional probative evidence of guilt can be produced. If such a showing is not satisfactorily made, the lower court shall enter a judgment of acquittal. *Gray v. State,* 254 Md. 385.

> *Judgment vacated and case remanded for further proceedings in accordance with this opinion.*

ORTH, J., dissenting:

I am unable to conclude, as does the majority, that the judgment of the lower court on the evidence before it was clearly erroneous. With respect to appellant, rational references from the evidence showed more than his mere presence at the scene. One witness saw two boys at the door of the house and it seemed to her that they were trying to break in. The wood on the door was shown to be "chipped off" and "busted loose" at the lock. The occupant of the premises heard banging at the front door and when he got out of bed, went downstairs and opened the door, there was appellant about 10 yards away. Going to the back door, he saw another boy in his backyard. Promptly responding to the call of the witness who saw the boys at his front door, two officers observed appellant and the boy seen by the occupant in his backyard walking together from the alley back of the premises. Appellant's companion had two screwdrivers in his possession. There was no evidence that any other boys were present during these happenings.

There is no war between the clearly erroneous rule and common sense. I think that the court as the trier of fact,

could rationally infer from the evidence adduced that appellant was one of the boys seen at the front door and that the boy with him when he was apprehended was the other. Thus, the court was not clearly wrong in determining that appellant attempted to break the home as charged. I would affirm the judgment.