### SAMUEL EDWARD PITTS *v.* STATE OF MARYLAND

[No. 824, Sepember Term, 1976.]

*Decided June 23, 1977.*

The cause was argued before THOMPSON, DAVIDSON and MASON, JJ.

*Philip J. Santa Maria, Assigned Public Defender,* for appellant.

*Deborah K. Handel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Philip H. Armstrong, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court. MASON, J., dissents and filed a dissenting opinion at page 601 *infra.*

In the Circuit Court for Montgomery County, a jury found Samuel Edward Pitts, the appellant, guilty of storehouse breaking and stealing (count 2), and larceny to the value of one hundred dollars or more (count 4). On appeal, the appellant initially contends that the trial court erred in its instructions to the jury.

The court instructed the jury in pertinent part:

"This case comes before you by an indictment from the Grand Jury of this county, . . .

. . .

"The fact that a man or a woman is indicted does not mean that he or she is guilty. It merely means that they must stand trial for the crime.

"As some of you perhaps know, but I will tell you again, the Grand Jury has a different function than you do. They make inquiries to determine two things: One, has a crime been committed in their opinion, and if so, must the person under investigation stand trial for that crime. This is one way that people are brought to trial.

"Another way is by a warrant, and another way is by a charge which we call an information by the State's Attorney's Office. But none of these indicate that the defendant is guilty. *There is no*

*presumption of innocence, no presumption of guilt.
In other words, he comes into this court and the
State must prove guilt beyond any reasonable
doubt. There is no burden on the defendant
whatsoever.*

"There are many definitions of reasonable doubt,
and the one I always give juries is that kind of a
doubt which would cause you to hesitate in
important affairs in your lifetime, family affairs or
business affairs, as distinguished from something
of a trivial nature.

"Another way to say it is it is a doubt based upon
reason." (Emphasis added.)

The appellant specifically objected to the words "there is no
presumption of innocence." [1]

The question of whether it is error to instruct the jury
that there is no presumption of innocence has not been
considered in Maryland. While courts in other jurisdictions
have frequently held that it is error to fail to instruct that
there is a presumption of innocence,[2] the only jurisdiction

---

1. The trial court declined to correct the instruction. The following
colloquy took place at the bench:

"MR. SCHAEFER: Your Honor, I believe that Your Honor
inadvertently instructed the jury that there is no presumption of
innocence, which is, of course, not correct, there is a presumption
of innocence.
"THE COURT: There is no presumption either way.
"MR. SCHAEFER: I except to Your Honor's instruction in that
regard."

2. Some jurisdictions hold that it is error to fail to give this instruction
when requested. Illustrative are: United States v. Nelson, 498 F. 2d 1247,
1249 (5th Cir. 1974); Dodson v. United States, 23 F. 2d 401, 402-03 (4th Cir.
1928); Thomas v. United States, 156 F. 897, 913 (8th Cir. 1907); Pate v. State,
42 Ala. App. 334, 163 So. 2d 645, 648 (1964); People v. Long, 407 Ill. 210, 95
N.E.2d 461, 463 (1950); Commonwealth v. Madeiros, 255 Mass. 304, 151 N.
E. 297, 300 (1926); State v. Harrison, 23 Mont. 79, 57 P. 647, 647-48 (1899);
Franklin v. State, 92 Wisc. 269, 66 N. W. 107 (1896). *Contra,* Kindle v. State,
174 Ark. 1179, 297 S. W. 827, 828 (1927); State v. Vance, 119 Vt. 268, 125 A.
2d 800, 804 (1956).

Others hold that it is error to fail to give this instruction even though
there has been no request or objection to its omission. Illustrative are:
McDonald v. United States, 284 F. 2d 232, 233 (D.C. Cir. 1960); Helton v.
United States, 231 F. 2d 654 (5th Cir. 1956); People v. Hill, 182 Colo. 253, 512

which appears to have considered the question presented here held that it was error to instruct that the presumption does not exist.[3] We reach the same result.

Common usage, not rigid rules, formal technicalities and logical analysis of scholars, linguists or grammarians, determines the meaning of words.[4] The phrase "presumption of innocence" has been used consistently by the courts of every jurisdiction in the United States.[5] Indeed, this presumption has been described as fundamental to American law.

In *Coffin v. United States,*[6] the Supreme Court said:

> "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.
>
> "It is stated as unquestioned in the text-books, and has been referred to as a matter of course in the decisions of this court and in the courts of the several States."

P. 2d 257, 258-59 (1973); People v. Donald, 21 Ill.App.3d 696, 315 N.E.2d 904, 906 (1974); State v. McHenry, 13 Wash. App. 421, 535 P. 2d 843, 845-46 (1975), *aff'd*, 88 Wash. 2d 211, 558 P. 2d 188 (1977). *Contra*, United States v. Private Brands, Inc., 250 F. 2d 554, 557 (2nd Cir. 1957), *cert. denied*, 355 U. S. 957, 78 S. Ct. 542 (1958); Spevak v. United States, 158 F. 2d 594, 598 (4th Cir. 1946); Raffour v. United States, 284 F. 720, 721 (9th Cir. 1922); Sylvia v. United States, 264 F. 593, 595 (6th Cir. 1920); United States *ex rel.* Campagne v. Follette, 306 F. Supp. 1255, 1256-58 (E.D. N.Y. 1969); State v. Boswell, 194 N. C. 260, 139 S. E. 374, 374-76 (1927).

**3.** Miklencic v. United States, 62 F. 2d 1044, 1045 (3rd Cir. 1933).

**4.** *See The American Heritage Dictionary of the Englígh Language*, p. xxiii (1970).

**5.** Illustrative are the following Maryland cases: Malcolm v. State, 232 Md. 222, 225, 192 A. 2d 281, 283 (1963); Johnson v. State, 227 Md. 159, 163, 175 A. 2d 580, 582 (1961); State v. Lassotovitch, 162 Md. 147, 155, 159 A. 362, 365 (1932); Wilkins v. State, 16 Md. App. 587, 607-08, 300 A. 2d 411, 422 (1973); Williams v. State, 14 Md. App. 619, 625, 287 A. 2d 803, 807 (1972); McDuffie v. State, 10 Md. App. 190, 192, 268 A. 2d 590, 591 (1970); Williams v. State, 3 Md. App. 58, 60, 237 A. 2d 822, 823 (1968); Spencer v. State, 1 Md. App. 264, 267, 229 A. 2d 151, 154 (1967).

**6.** 156 U. S. 432, 453-54, 15 S. Ct. 394, 403 (1895).

Similarly, this Court has said: [7]

> "The fundamental principle of the administration of criminal justice under our judicial processes is that a person accused of crime is presumed to be innocent until proved guilty."

Legal scholars recognize that the words "presumption of innocence" mean that the State must produce evidence to prove an accused guilty beyond a reasonable doubt. In his treatise Wigmore says: [8]

> "[T]he 'presumption of innocence' is in truth merely another form of expression for a part of the accepted rule for the burden of proof in criminal cases, *i.e.*, the rule that it is for the prosecution to adduce evidence (*ante*, § 2487), and to produce persuasion beyond a reasonable doubt (*ante*, § 2497). As to this latter part, the measure of persuasion, the 'presumption' says nothing. As to the former part, the 'presumption' implies what the other rule says, namely, that the accused (like every other person on whom the burden of proof does not lie) may remain inactive and secure, until the prosecution has taken up its burden and produced evidence and effected persuasion; *i.e.*, to say in this case, as in any other, that the opponent of a claim or charge is presumed not to be guilty is to say in another form that the proponent of the claim or charge must evidence it."

They point out, however, that the "presumption of innocence" is not a presumption at all and that the phrase is technically inaccurate. In his treatise McCormick says: [9]

> "*The presumption of innocence.* Assignments of the burdens of proof prior to trial are not based on

---

7. Ayre v. State, 21 Md. App. 61, 62, 318 A. 2d 828, 829 (1974). *Accord,* Arbaugh v. Director, Patuxent Institution, 27 Md. App. 662, 669, 341 A. 2d 812, 816 (1975).

8. 9 J. Wigmore, *Evidence* § 2511 at 407, 409 (3rd ed. 1940).

9. McCormick, *Handbook of the Law of Evidence* § 342 at 805-06 (2nd ed. 1972).

presumptions. Before trial no evidence has been introduced from which other facts are to be inferred. The assignment is made on the basis of a rule of substantive law providing that one party or the other ought to have one or both of the burdens with regard to an issue. In some instances, however, these substantive rules are incorrectly referred to as presumptions. The most glaring example of this mislabeling is the 'presumption of innocence' as the phrase is used in criminal cases. The phrase is probably better called the 'assumption of innocence' in that it describes our assumption that, in the absence of contrary facts, it is to be assumed that any person's conduct upon a given occasion was lawful. In criminal cases, the 'presumption of innocence' has been adopted by judges as a convenient introduction to the statement of the burdens upon the prosecution, first of producing evidence of the guilt of the accused and, second, of finally persuading the jury or judge of his guilt beyond a reasonable doubt. Most courts insist on the inclusion of the phrase in the charge to the jury, despite the fact that at that point it consists of nothing more than an amplification of the prosecution's burden of persuasion." (Footnotes omitted.)

Nonetheless, they advocate the continued use of the phrase "presumption of innocence," notwithstanding its technical inaccuracy, because it conveys to the jury a special meaning which affords the accused additional protection not contained in the rule concerning the burden of proof.[10]

---

10. According to 9 J. Wigmore, *supra* at 407:

"However, in a criminal case the term does convey a special and perhaps useful hint, over and above the other form of the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced. In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused's guilt; while the presumption of

In *Evans v. State,*[11] this Court in dicta said:

"When the same word or phrase means one thing to the writer or speaker and something quite different to the reader or hearer, communicative chaos is inevitable."

Here, at the time of the court's instruction, the jurors, like the legal scholars, understood the words "presumption of innocence" to mean that the State was required to produce evidence to prove that the accused was guilty beyond a reasonable doubt. The trial court, also like the legal scholars, understood those words to involve a technically inaccurate use of the word "presumption." When the court initially advised the jury that there was no "presumption of innocence," communicative chaos ensued. The jury may well have concluded that the State did not have the burden of proof. The trial court's subsequent instructions that the defendant had no burden and that the State must prove his guilt beyond a reasonable doubt, would in this context, be contradictory and therefore confusing. In essence, the jury may have been led to believe that the protections traditionally afforded by the presumption of innocence, for some unexplained reason, did not apply in this case. The

---

innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, *nothing but the evidence, i.e.,* no surmises based on the present situation of the accused.

. . .

"So far, then, as the 'presumption of innocence' adds anything, it is particularly a warning not to treat certain things improperly as evidence." (Emphasis in original.)

According to McCormick, *supra* at 806:

"Although the phrase is technically inaccurate and perhaps even misleading in the sense that it suggests that there is some inherent probability that the defendant is innocent, it should not be discarded. Like the requirement of proof beyond a reasonable doubt, it at least indicates to the jury that if a mistake is to be made it should be made in favor of the accused. . . ."

This reflects a change in view from McCormick, *The Law of Evidence*, at 649 (1954 ed.).

11. 28 Md. App. 640, 677, 349 A. 2d 300, 325 (1975).

instruction was misleading.[12] Accordingly, we shall reverse.[13]

> *Judgments reversed.*
> *Case remanded for a new trial.*
> *Costs to be paid by Montgomery County.*

*Mason, J., dissenting:*

In this case the trial judge refused to use the words "presumption of innocence" incorrectly, and for this reason he was reversed. I disagree.

Although it may have been improper because of practice and common usage for the trial judge to instruct the jury that there is no presumption of innocence, I do not think this misstep, even if error, was so misleading and prejudicial as to require a reversal. This is especially true since there was an abundance of evidence to sustain the verdict, and the jury was fully instructed on the burden of proof and the doctrine of reasonable doubt.

In my view, the misuse of the term "presumption of innocence" should be eliminated. The first and last occasion on which the appellate courts in this State came squarely to grips with this term was in *Evans v. State*, 28 Md. App. 640, 349 A. 2d 300, *aff'd.* 278 Md. 197, 362 A. 2d 629, where we said, by way of dictum, at 676 n. 13:

> "The 'presumption of innocence' is, of course, not a presumption at all. 9 *Wigmore on Evidence* (3rd Ed. 1940), § 2511, points out at p. 407, '[T]he "presumption of innocence" is in truth merely another form of expression for a part of the accepted rule for the burden of proof in criminal

---

**12.** State v. Grady, 276 Md. 178, 185, 345 A. 2d 436, 440 (1975); Midgett v. State, 216 Md. 26, 41, 139 A. 2d 209, 215 (1958). *See* Pine Street Trading Corp. v. Farrell Lines, Inc., 278 Md. 363, 376, 364 A. 2d 1103, 1112 (1976); Wood v. Johnson, 242 Md. 446, 456, 219 A. 2d 231, 236 (1966); Wintrobe v. Hart, 178 Md. 289, 296, 13 A. 2d 365, 368 (1940).

**13.** In view of this decision, the appellant's other contentions need not be considered.

cases, i.e. the rule that it is for the prosecution to adduce evidence ... and to produce persuasion beyond a reasonable doubt. ...' Thayer, *Preliminary Treatise on Evidence* (1898), is equally clear, at p. 551, 'In the first place, the so-called presumption of innocence is not, strictly speaking, a presumption in the sense of an inference deduced from a given premise. It is more accurately an assumption which has for its purpose the placing of the burden of proof upon anyone who asserts any deviation from the socially desirable ideal of good moral conduct.' And see Morgan, *Basic Problems of Evidence* (1962), p. 44.

If the 'presumption of innocence' were a true presumption of law or permitted inference of fact, it would be flagrantly unconstitutional under *Leary v. United States, supra,* and other cases requiring that a presumption be based upon a mathematical probability that it be true. Quite the reverse likelihood, of course, applies to one arrested, indicted and brought to trial. As McCormick, *The Law of Evidence* (1954), astutely pointed out, at 647-648: '[W]hen it came to be employed, in argument and in instructing juries, in criminal trials under the common law, it became a source of mysticism and confusion. As applied to the accused, any assumption, or 'presumption' of innocence, in the popular sense of an inference based on probability, is absurd. The probability is the reverse. The assumption of innocence which is reasonable in the absence of contrary facts becomes quite unrealistic when we include in the picture the facts that the person has been officially charged with the crime and has been brought to trial. Nevertheless, the phrase 'presumption of innocence' has been adopted by judges as a convenient introduction to the statement of the burdens upon the prosecution, first of producing evidence of the guilt of the accused and, second, of

finally persuading the jury or judge of his guilt beyond a reasonable doubt.

It is enough to tell the jury in strong terms that the heavy burden is upon the prosecution to prove each and every element of a criminal charge beyond a reasonable doubt. Beyond this, an additional instruction on the presumption of innocence would add nothing as a practical matter.

Although the erroneous usage of the phrase "presumption of innocence" has become so ingrained as to make its excision exceedingly difficult, I cannot countenance the perpetuation of this error simply because we have been doing it that way for a long time. Appropriate are the words of Oliver Wendell Holmes, *The Path of the Law*, 19 Harv. L. Rev. 469 (1897):

> "It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past."

Notwithstanding the fiction that the law is an all-knowing monolith, the simple truth is that when we first began to use the word "presumption" incorrectly in this regard, we did not know any better. We now do. I feel, therefore, as did Mr. Justice Jackson in *Massachusetts v. United States*, 333 U. S. 611, 639-640 (dissenting opinion):

> "I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday."

Accordingly, I respectfully dissent.