# DWIGHT CROMWELL *v.* STATE OF MARYLAND

[No. 358, September Term, 1967.]

*Decided July 9, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Gerald A. Smith* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William B. Yates, II, State's Attorney for Dorchester County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

On October 31, 1967, the appellant, Dwight Cromwell, was tried in the Circuit Court for Dorchester County by a jury, Judge C. Burnham Mace presiding, and found guilty of turning in a false fire alarm in violation of Cambridge City Ordinance No. 268, § 13.13, at 2:26 a.m. on the 29th of June, 1967. Appellant was sentenced to one year imprisonment and fined $250.00 and costs.

Appellant raises two contentions on appeal:

1. That the trial judge erred in refusing defendant's Motion for Judgment of Acquittal at the close of all the evidence.
2. That the trial court erred in instructing the jury "(T)hat the issue is, did Defendant Dwight Cromwell, give a false alarm of fire on the 29th of June, 1967?"

From the evidence adduced below, it could be found that on June 29, 1967, three fire reports were made at 2:00 a.m., 2:10 a.m. and 2:25 a.m., respectively. At 2:00 a.m., the dispatcher for the Dorchester County Volunteer Fire Department, Mr. Vivian S. Ewell, received a call reporting a fire at Schroeder's Market on High Street. Mr. Ewell immediately sounded the fire siren. Moments before hearing the siren, Assistant Chief of Police, James C. Leonard, and Stanley Connor, a fire investigator from the State Fire Marshal's office, observed the appellant inside the telephone booth at the intersection of High and Muir Streets, Cambridge. A check of Schroeder's Market revealed no fire. Another call was received at 2:10 a.m., which was traced to a telephone booth in front of Ed's Cash Market on High Street. Officers Cornish and Wilkins, upon approaching the booth, observed the appellant run from the booth. Then, at 2:25 a.m., the third and final call was received. This call originated from the same station as the previous call. Lieutenant

Dayton and Corporal Bramble of the Cambridge City Police, due to the prior calls, had the booth under observation and observed the appellant enter and make a call. The officers placed the appellant under arrest, after a short scuffle.

Mr. Ewell identified the appellant's voice as belonging to the caller.

Appellant testified and denied that he had committed the crime.

The specific crime charged is set out in Cambridge, Maryland Ordinance 268, § 13.13, which reads:

> "Any person who gives false alarm of fire or by any means leads persons to believe that some building within the corporate limits of the City of Cambridge is on fire, shall be guilty of a misdemeanor, and upon conviction thereof before a Trial Magistrate for Dorchester County, Maryland, or the Circuit Court for Dorchester County, Maryland, shall be fined not less than Fifty Dollars ($50.00), and not more than three Hundred Dollars ($300.00), and to stand committed to the County Jail until such fine and costs are paid or be confined in the County Jail or the Maryland House of Correction for not less than three (3) months and not more than three (3) years or be both fined and imprisoned in the discretion of the Court."

The *corpus delicti* of the aforenoted crime requires the State to prove: (a) that a false fire alarm was given; (b) that the individual giving the alarm knew that it was false; (c) that some person was falsely led to believe that a building was on fire; (d) that said building was located within the corporate limits of the City of Cambridge.

The thrust of the appellant's primary contention is that, first, there was no proof that the report of fire allegedly made by appellant was false; and second, that there was no proof that the 2:25 a.m. report involved a building within the corporate limits of Cambridge. Our review of the record reveals the presence of these fatal defects in the State's case directed at the 2:26 a.m. report; therefore, the appellant's point is well taken. Absent these two essential elements of proof, the State

failed to prove the *corpus delicti* of the instant crime. We find, therefore, that the lower court erred in permitting the case to go to the jury as the evidence was fatally insufficient.[1]

Since, however, the reason for this reversal is the insufficiency of the evidence, and this may be supplied by the State, we will, therefore, remand the case for a new trial. *Williams v. State,* 3 Md. App. 58, 62, 237 A. 2d 822, 824 (1968) ; *Spencer v. State,* 1 Md. App. 264, 269, 229 A. 2d 151, 154 (1967).

> *Judgment reversed and case remanded for a new trial.*

---

1. As the State's evidence tended to show the commission of three separate crimes, and as it elected only to prosecute for the last offense, this case is distinguishable from that line of cases where error in charging the date of a single offense in the indictment is ordinarily deemed harmless.